UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
DEC 21 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Lamar Burks, )
)
    Petitioner, )
)
v. ) Civil Action No. 11 2271
)
United States Department of Justice, )
)
    Respondent. )

## MEMORANDUM OPINION

This matter, brought *pro se*, is before the Court on its initial review of the petition for a writ of mandamus and application for leave to proceed *in forma pauperis* ("IFP"). Upon review of the petition, the Court finds that petitioner has failed to state a claim for such extraordinary relief. It therefore will grant the IFP application and dismiss the petition pursuant to 28 U.S.C. § 1915A (requiring dismissal of a prisoner's complaint upon a determination that the complaint, among other grounds, fails to state a claim upon which relief can be granted).

Petitioner, a Texas prisoner, seeks an order to compel the Department of Justice to investigate his claim that he was "wrongly convicted of [] murder . . . ." Pet. at 2. The extraordinary remedy of a writ of mandamus is available to compel an "officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. § 1361. The petitioner bears a heavy burden of showing that his right to a writ of mandamus is "clear and indisputable." *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citation omitted).

"It is well-settled that a writ of mandamus is not available to compel discretionary acts." *Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases). The United States Attorney General has absolute discretion in deciding whether to investigate plaintiff's claim. As

a general rule applicable to the circumstances of this case, such decisions are not subject to judicial review. *Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480-81 (D.C. Cir. 1995); *see id.* at 1480 ("A court may properly issue a writ of mandamus only if the duty to be performed is ministerial and the obligation to act peremptory and clearly defined. The law must not only authorize the demanded action, but require it . . . .") (citations, internal quotation marks and footnote omitted).

Furthermore, it is established that mandamus relief is not available when, as here, an adequate remedy exists to address the underlying claim. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus[.]") (citation omitted); *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 806 (D.C. Cir. 1988) (where "habeas is an available and potentially efficacious remedy, it is clear beyond reasonable dispute that mandamus will not appropriately lie"); *see also Williams v. Hill*, 74 F.3d 1339, 1340 (D.C. Cir. 1996) (stating that "it is well-settled that a [person] seeking relief from his conviction or sentence may not bring [actions for injunctive and declaratory relief]") (citations omitted); *accord Jackson v. Scalia*, 780 F. Supp. 2d 81, 83 (D.D.C. 2011).

The instant petition provides no basis for issuing a writ of mandamus. Therefore, the Court will dismiss this action for failure to state a claim upon which relief can be granted. A separate Order accompanies this Memorandum Opinion.

/s/ Robert L. Wilkins
United States District Judge

Date: December 20, 2011

2